UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROBERT JOHN CARRIER                                                           PETITIONER

VERSUS                                          CIVIL ACTION NO. 3:22-CV-273-KHJ-RPM

WARDEN OF EMCF                                                                RESPONDENT

### REPORT & RECOMMENDATION

Robert John Carrier has filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his state conviction and sentence. Carrier currently is in the custody of the Mississippi Department of Corrections. On September 28, 1999, in the Circuit Court of Pike County, Mississippi, a jury found Carrier guilty of armed robbery and two counts of contempt of court. Doc. [9-1]. On October 1, 1999, the trial court sentenced Carrier. *Ibid.* On the armed robbery charge, he received a 47-year sentence as a habitual offender. He also received two concurrent six-month sentences on the contempt of court charges. Carrier appealed the judgment of conviction. On November 20, 2001, the Mississippi Court of Appeals affirmed. *Carrier v. State of Mississippi*, 815 So.2d 1222 (Miss. Ct. App. 2001). The Mississippi Supreme Court later denied his petition for writ of certiorari on May 9, 2002. *Carrier v. State of Mississippi*, 821 So.2d 128 (Miss. 2002).

Carrier pursued post-conviction relief in state court in 2004 and 2005. *See* Doc. [9-5] [9-6]. On May 3, 2019, he filed a § 2254 petition challenging the same convictions and sentences as challenged in the instant petition. *See Carrier v. Shaw*, Civil Action No. 3:19-cv-236-HTW-JCG. The Court dismissed Carrier's petition as time-barred under the Anti-terrorism and Effective Death Penalty Act's (AEDPA) one-year limitations period, 28 U.S.C. § 2244(d). *Carrier v. Shaw*, 2019 WL 6895966 (S.D.Miss. Dec. 18, 2019). Specifically, the Court found

that Carrier's state conviction became final on August 7, 2002; therefore, to be timely his § 2254 petition would have been due on or before August 7, 2003. *Carrier v. Shaw*, 2019 WL 6908047, at *3 (S.D. Miss. Oct. 3, 2019). The Court also found that Carrier was not entitled to any statutory or equitable tolling. *Ibid.* Accordingly, Carrier's § 2254 petition filed on May 3, 2019, was deemed untimely.

On May 23, 2022, Carrier filed the instant petition, again challenging the Pike County judgment of conviction.[1] Pending before the Court is Respondent's motion to dismiss Carrier's instant § 2254 petition because it is successive and untimely. Doc. [9]. Carrier filed what appears to be a response; however, it does not address the issues of successiveness or timeliness.[2] Doc. [11].

## Law and Analysis

Respondent argues that Carrier's petition is successive and that he has not sought the Fifth Circuit's permission to proceed with his successive petition. Respondent further argues that the instant petition is time barred by the AEDPA. Carrier does not dispute these assertions. As provided in 28 U.S.C. § 2244(b)(3), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the action." Carrier previously filed a § 2254 petition on May 3, 2019, challenging the same convictions and sentences as in the instant petition. The Court dismissed that petition as time barred. Carrier's instant petition is successive. *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009). Therefore, this Court lacks

---

[1] In his initial complaint, filed on April 11, 2022, Carrier sought both damages and release from custody. Doc. [2]. By order entered May 23, 2022, the Court directed the Clerk of Court to sever Carrier's habeas claims and to file a copy of the original complaint in the newly opened § 2254 action. Doc. [1].

[2] In a disjointed and rambling pleading, Carrier appears to claim that he is being wrongfully enslaved and that he was illegally extradited from California to Mississippi for trial. He identifies himself as "King Lordship of U.S." Doc. [11] at 2, 9.

jurisdiction to entertain the merits of Carrier's petition and it should be dismissed. *See Adams v. Thaler*, 679 F.3d 312, 321 (5th Cir. 2012). In the alternative, and for substantially the same reasons as stated in the Court's dismissal of Carrier's previously filed § 2254 petition, the instant petition should be dismissed as time barred by the AEDPA's one-year limitations period. *See Carrier v. Shaw*, Civil Action No. 3:19-cv-236-HTW-JCG, 2019 WL 6908047 (S.D.Miss. Oct. 3, 2019).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [9] Motion to Dismiss be GRANTED and that Robert John Carrier's 28 U.S.C. § 2254 petition be dismissed as successive; or in the alternative, dismissed as time barred.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been

accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 3rd day of January 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE